**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER LYNN BEAVERS | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | No. 4:16CV00851-SWW-JJV |
| LARRY REED, Owner, | * | |
| Reeds Septic Tank Cleaning | * | |
| | * | |
| Defendant | * | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.     INTRODUCTION

Christopher L. Beavers ("Plaintiff") filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.)  He alleges, *inter alia*, that on October 16, 2016, Defendant entered into a verbal contract with him to purchase Plaintiff's "Ford F 150 2004 model truck as is for the fees of impound at Speed Way Wrecker Serv[i]ce, and $500.00 was to be put on [Plaintiff's] books [when said] truck title was [released from his] personal property to Perry Kennedy on 10/16/16 at 18:31 pm. from the Pope County Sheriff['s] Office. . . ." as payment for impound fees.  (*Id*. at 4.)  Plaintiff claims Defendant breached the contract.  (*Id*. at 5.)  After reviewing Plaintiff's Complaint, I find he has failed to state a claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.   ANALYSIS

Plaintiff's cause of action is against a private citizen. "[A] private actor, may be liable under § 1983 only if [he] 'is a willing participant in joint action with the State or its agents.' " *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (citing *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir.1993)). There is no indication whatsoever that Mr. Reed or his agent were acting under color of law. Accordingly, Plaintiff's allegations do not give rise to an actionable constitutional claim under 42 U.S.C. § 1983.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.     Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 29th day of November, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."